The plaintiffs [Owen & Longstreth] recovered two judgments against the defendant [Charles Glover] at June term, 1818, for about $1,600, issued writs of ca. sa., upon which the defendant was taken and committed in execution, and gave prison-bounds bonds, which he forfeited, and upon which the plaintiffs recovered judgment against him and his sureties. After the expiration of one year from the date of the prison-bounds bonds, he was retaken upon the original writs of ca. sa. according to the provisions of Act Cong. June 24, 1812, § 3 (2 Stat. 755), and committed to close custody [see Case No. 10,629], from which he was discharged under Act March 3, 1803 (2 Stat. 237), "for the relief of insolvent debtors within the District of Columbia." The plaintiffs then issued writs of fi. fa., and took in execution the lands of Mr. Glover, which were bound by the judgments in 1818, although Mr. Glover in the meantime had sold and conveyed them to divers persons. These writs of fi. fa. were returnable to this term, and now

Mr. Fleet Smith, Mr. Lear, and Mr. Jones, for the tenants and purchasers, moved the court to quash the writs: 1. Because they were issued more than a year after the return of the writs of ca. sa., without a scire facias. 2. Because Mr. Glover could not be recommitted upon the ca. sa. after its return. 3. Because, by the 5th section of the insolvent act, it is enacted that "no process against the real or personal property of the

debtor shall have any effect or operation, except process of execution, or attachments in the nature of executions, which shall have been put into the hands of the marshal, antecedent to the application" of the debtor for the benefit of the act.

Mr. J. Dunlop, contra. The judgments bound this land. Mr. Glover sold it and conveyed away all his interest in it before his application for a discharge under the insolvent act, so that it was not his property when he took the insolvent's oath; and never could come into the hands of his trustee as part of his effects. The lien of the judgments is wholly unaffected by his discharge under the act.

Mr. Jones, in reply. The plaintiffs have elected to take a. ca. sa., and having taken the body, have abandoned their lien on the lands. The commitment on the ca. sa. is satisfaction in law, and the only saving of the debt to the plaintiff is under the insolvent act; and then only sub modo. The remedy is pointed out by that act. If it be a lien it can be enforced only in the manner provided for in the fifth section. It does not give a general right to proceed by fi. fa. after the insolvency. This fi. fa. is against the goods, chattels, and lands of Glover; that is, against the goods, chattels, and lands of Glover, after his insolvency, which these lands are not.

THE COURT (THRUSTON, Circuit Judge, absent) refused to quash the executions, being of opinion that the judgments bound the lands, and have never been satisfied. The lands, having been sold by Mr. Glover, never could come to the hands of his trustee, so as to be liable to distribution under the insolvent act. See Tayloe v. Thompson's Lessee, 5 Pet. [30 U. S.] 358, where this decision is affirmed.